**Dated: October 5, 2018**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BLAKE LAWRENCE KRETCHMAR, | ) | Case No. 16-14337-JDL |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| SUSAN MANCHESTER, TRUSTEE and | ) | |
| FARM CREDIT OF ENID, PCA | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. No. 17-01026-JDL |
| | ) | |
| BLAKE LAWRENCE KRETCHMAR, | ) | |
| DANNY KRETCHMAR, | ) | |
| DEBBIE KRETCHMAR, and | ) | |
| KRETCHMAR FARMS, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON MOTION TO RECONSIDER

Before the Court is the *Plaintiffs' Motion to Reconsider*[1] (the "Motion") [Doc. 52], the

---

[1] Motions to reconsider are not recognized as such in the Federal Rules of Bankruptcy Procedure. Rather, if such a motion is filed within fourteen days following the entry of the order in

*Response of Danny Kretchmar and Debbie Kretchmar to Plaintiffs' Motion to Reconsider* (the "Response") [Doc. 57] and the *Plaintiffs' Reply to Kretchmar Parents' Response to Motion to Reconsider* [Doc. 58].  The Motion seeks the Court to reconsider its *Opinion and Order on Motion to Dismiss* entered on February 5, 2018, in which it dismissed without prejudice five (5) of sixteen (16) Claims for Relief and dismissed with prejudice the one Claim for Relief seeking the substantive consolidation of the estates of the Debtor with those of his non-debtor parents. [Doc 43].

Plaintiffs assert that the Court erred in having: (1) dismissed without prejudice Plaintiff Farm Credit of Enid, PCA's ("Farm Credit") Claim for Relief 1 which sought liquidation of Farm Credit's deficiency claim against the Debtor; (2) apparently inadvertently dismiss with prejudice the claim of substantive consolidation against all defendants, including non-debtor entity Kretchmar Farms which had not entered an appearance in the case and was in default; (3) failed to afford Plaintiffs the opportunity to amend their Complaint before dismissing with prejudice the substantive consolidation claim as against Kretchmar Farms; and (4) failed to apply the proper motion to dismiss standard of

---

a contested matter, it is treated as a motion to alter or amend the judgment/order under Civil Rule 59, applicable in bankruptcy under Fed.R.Bankr.P. 9023.  A motion for reconsideration is analogous to a motion for new trial or to alter or amend the judgment pursuant to [Civil Rule] 59 as incorporated by Rule 9023. *United Student Funds Inc. v. Wylie (In re Wylie)*, 349 B.R. 204, 209 (9th Cir. BAP 2006). Although Rule 59(e) refers to amendment of a "judgment", the court has inherent power to reconsider and amend its interlocutory orders and may utilize Rule 59(e) as a vehicle for doing so. *Cincinnati Insurance Co. v. Crossman Communities, Inc*, 2008 WL 2598550, at *2 (E.D. KY. 2008).  The  Court's Opinion and Order challenged here is interlocutory in that it did not dispose of all the claims in the case.  A motion to reconsider can also be analogous to Civil Rule 60 as made applicable to bankruptcy proceedings under Fed.R.Bankr.P. 9024.  The Plaintiffs have alleged relief being sought under both Rules 59 and 60.  In the Court's opinion, it matters not which Rule is applicable where the complaining party asserts, as do Plaintiffs here, that the Court has committed some manifest error of law or fact justifying relief.  The Court will entertain the Motion.

accepting as true all of Plaintiffs well-pleaded allegations and construing such allegations in the light most favorable to the claimants.

## 1. Background

Debtor is an individual farmer residing in Medford, Grant County, Oklahoma. He lives and conducts a cattle, ranching and/or farming operation on a half-section of land in Grant County, the title to which is held by his mother, Defendant Debbie Kretchmar. The Debtor owns no real property in his individual name. Neither Debtor nor Kretchmar Farms paid rent for the home in which Debtor lived or for the agricultural land on which Debtor or Kretchmar Farms conducted operations.

Debtor also conducts cattle, ranching and/or farming operations on additional tracts of land in Grant County, Oklahoma, which are titled in the name of both his mother and his father, Defendant Danny Kretchmar (Defendants Danny and Debbie Kretchmar being collectively identified as the "Parents"). The Parents reside in Cleveland, Pawnee County, Oklahoma. Debtor's farming operations as well as those of the Parents were sometimes conducted under the name of Kretchmar Farms or Kretchmar Partners. Plaintiffs allege that Kretchmar Farms is an unincorporated association (either as a general partnership or joint venture) through which the Debtor and the Parents as partners conducted the business known as Kretchmar Farms. Plaintiffs allege that all cattle, ranching and farming operations, as well as for custom farming conducted elsewhere, were invoiced on Kretchmar Farms letterhead or invoices.

On June 9, 2017, Plaintiffs, the Chapter 7 Trustee and Farm Credit (the Debtor's largest creditor), filed a forty-five (45) page adversary Complaint comprised of sixteen (16) Claims for Relief against the Debtor, his Parents and/or Kretchmar Farms, including:

> Count 1- Money judgment for liquidated Farm Credit claim against Debtor;
>
> Counts 2-5 - Objection to the Debtor's discharge under 11 U.S.C. § 727(a)(2)-(5);[2]
>
> Counts 6-7 - Objections to Debtor's dischargeability of a debt under § 523(a)(2)(A)-(B);
>
> Count 8 - for turnover of property under § 542;
>
> Count 9 - for substantive consolidation of the estates of Debtor, the Parents and Kretchmar Farms;
>
> Count 10 - action for an accounting under § 105;
>
> Count 11 - action to avoid fraudulent transfers under § 548

The Complaint also included claims arising under Oklahoma state law:

> Count 12 - Farm Credit claim for veil-piercing, fraud and injustice;
>
> Count 13 - Farm Credit claim for piercing the veil and for alter ego;
>
> Count 14 - claim by Farm Credit for civil conspiracy;
>
> Count 15 - action by Trustee against Kretchmar Properties for general partnerships and/or joint venture liability; and
>
> Count 16 - action by Farm Credit against Kretchmar Partners for general partnership and /or joint venture liability.

Defendant Parents filed a *Motion to Dismiss* seeking dismissal of several, but not all, of the Counts. [Doc. 21].

First, the Parents argued that Count 9 should be dismissed because substantive

---

[2] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

consolidation of non-debtors circumvented the stringent procedures and protections relating to involuntary bankruptcy cases imposed by § 303 of the Bankruptcy Code. Second, Parents argued that numerous other Counts of the Complaint were state law claims against non-debtor entities over which the bankruptcy court lacked jurisdiction. On February 5, 2018, the Court entered its *Opinion and Order on Motion to Dismiss* [Doc. 43] in which it dismissed with prejudice the Plaintiffs' Claim for Relief 9 for substantive consolidation.[3] The Court rejected the Parents contention that substantive consolidation was only available under the remedy of an involuntary bankruptcy proceeding pursuant to § 303. The Court further found that while substantive consolidation of an individual debtor and affiliated business entities or a business entity debtor with non-debtor affiliates was available as an equitable remedy in certain rare instances, substantive consolidation was not available to consolidate individual debtors and individual non-debtors as was sought in the present case. Accordingly, the Court dismissed the substantive consolidation claim (Claim 9) with prejudice, finding that the legal deficiency of the consolidating individual debtors and individual non-debtors could not be rectified by amendment.

The Parents' Motion to Dismiss also sought dismissal of the following Claims for Relief of Plaintiff, Farm Credit (as opposed to the Plaintiff Trustee): (1) Claim 10, Accounting; (2) Claim 12, Veil Piercing: Fraud and Injustice (3) Claim 13, Piercing the Veil: Alter Ego; (4) Claim 14, Civil Conspiracy; (5) and Claim 16, Partnership/Joint Venture. The Parents asserted these were simply state law claims by which Farm Credit sought to collect money from third party non-debtors (the Parents) and over which the Bankruptcy Court did

---

[3] The Court's decision was published as *Manchester v. Kretchmar (In re Kretchmar)*, 579 B.R. 924 (Bankr. W.D. Okla. 2018).

5

not have jurisdiction. In response, Farm Credit argued these state law claims were "related to" the bankruptcy over which this Court has jurisdiction. 28 U.S.C. § 157(a)(4). The Court found Claims 12, 13, 14 and 16 were *not related* to the bankruptcy because they did not seek the recovery of money against the Debtor, were not necessary to the administration of the bankruptcy estate and, by virtue of the Court's rejection of the claim of substantive consolidation, did not seek the recovery of property of the bankruptcy estate. *In re Gardner*, 913 F.2d 1515 (10th Cir. 1990); *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 771 (10th Cir. BAP 1997); *In re Mordini*, 491 B.R. 567, 571 (Bankr. D. Colo. 2013). The Court also dismissed the claim for Relief 1 which the court viewed as a state law claim as well.

The Plaintiffs' Motion to Reconsider does not challenge the Court's dismissal of Claims for Relief 12, 13, 14 and 16. What Farm Credit does challenge is the Court's dismissal as a state law claim its Claim for Relief 1 which sought to liquidate its monetary, and potentially non-dischargeable, claim against the Debtor and Claim for Relief 9 which sought substantive consolidation against all defendants, including non-debtor Kretchmar Farms.

### 2. Reconsideration of the Court's Dismissal of Plaintiff's Claim 1 for the Liquidation of Its Claim Against the Debtor.

The Parents in their Motion to Dismiss did not seek dismissal of Claim for Relief 1. In its Opinion and Order, the Court acknowledged that the Parents had not sought dismissal of Count 1 [Doc. 43, pg. 25 n. 10], but the Court found that Claim 1 was a state Court claim that did not affect the bankruptcy estate. That finding was in error. A claim to liquidate a debt against a debtor is a core proceeding over which this Court should exercise

jurisdiction, 28 U.S.C. § 157(b)(2)(B); *In re Hirsch*, 339 B.R. 18, 25 (E.D.N.Y. 2006) ("The estimation of allowance or disallowance of claims against a debtor's estate are core proceedings over which a bankruptcy court has jurisdiction.").

Furthermore, despite a long history of conflicting authorities, there now appears to be virtual unanimity among courts that bankruptcy courts have both subject matter jurisdiction and constitutional authority to liquidate debts in the context of dischargeability actions.  See *Johnson v. Riebesell (In re Riebesell),* 586 F.3d 782, 793-94 (10th Cir. 2009); *In re Lang*, 293 B.R. 501, 516-17 (10th Cir. BAP 2003) ("In accordance with these other circuits, we conclude that under the broad congressional grant of jurisdiction given to bankruptcy courts under 28 U.S.C. § 157, bankruptcy courts have the jurisdiction to award money damages in a § 523(a) proceeding."); *Heckert v. Dotson (In re Heckert)*, 272 F.3d 253, 257 (4th Cir. 2001).  "Because liquidation of a claim is, most times, integral to the determination of non-dischargeability of that claim, as well as determination of the debtor-creditor relationship in the bankruptcy case, the liquidation of the claim is tied to the core jurisdiction of the bankruptcy court as well because the dispute and its complete resolution invoke the court's equitable jurisdiction."  *In re Neves*, 500 B.R. 651, 660 (Bankr. S.D. Fla. 2013); *In re Cowin*, 492 B.R. 858 (Bankr. S.D. Tex. 2013 ) (holding that liquidating state law claims against the debtor is closely integrated into the code and is a necessary element to determine dischargeability and, therefore, is not precluded by *Stern v. Marshall).*  Unlike the properly dismissed state court claims, there can be no doubt that this Court has jurisdiction, should it so decide to exercise it, to determine the liquidation of the Farm Credit claim against the Debtor.

The Parents (on behalf of the Debtor) argue that Count 1 seeking liquidation of Farm Credit's claim could easily be litigated in state court in the event that the bankruptcy court found such debt to be non-dischargeable. Though not stated as such, the Court construes this argument as a request that the Court permissively abstain from liquidating the claim in this case. That the state court would also have jurisdiction to liquidate the claim, however, does not mean that this Court should cede its jurisdiction to the state court. Permissive abstention under 28 U.S.C. § 1334(c)(1) grants discretion to the Court to abstain if abstention is in the best interest of justice or in the interest of comity or respect for state law. Permissive abstention is a doctrine affording court's discretion whether to abstain from hearing certain matters, but abstention is "an extraordinary and narrow exception to the duty of [federal courts] to adjudicate a controversy properly before it." *Colorado River Water Conservation District. v. United States,* 424 U.S. 800, 813 , 96 S.Ct. 1236 (1976).

Amongst the factors that courts look to determine whether permissive abstention is appropriate are: (1) the effect that abstention would have on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate; (3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the federal jurisdictional basis of the proceeding; (6) the degree of relatedness of the proceeding to the main bankruptcy case; (7) the substance of asserted core proceeding; (8) the feasibility of severing the state law claims; (9) the burden the proceeding places on the bankruptcy court's docket; (10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to jury

trial; and (12) the presence of non-debtor parties in the proceeding. *Commercial Financial Services, Inc. v. Bartmann (In re Commercial Financial Services, Inc.)*, 251 B.R. 414, 429 (Bankr. N.D. Ok. 2000). The evaluation of these factors is not merely a "mathematical exercise." *Trans World Airlines, Inc. v. Karabu Corp.*, 196 B.R. 711, 715 (Bankr. D. Del.1996). Some factors are more substantial than others, such as the effect on the administration of the estate, whether the claim involves only state law issues, and whether the proceeding is core or non-core under 28 U.S.C. § 157. *In re LaRoche Industries, Inc.*, 312 B.R. 249 (Bankr. D. Del. 2004).

The Court finds no compelling reason to have the state court liquidate the Farm Credit claim. This Court can do so as easily, and at least as quickly, with no loss in judicial economy or additional expense. Farm Credit must necessarily present much, if not all, evidence sufficient to liquidate the underlying claim in the context of this Court's dischargeability determination, an issue over which this Court has exclusive jurisdiction. This makes the Parents'/Debtor's implicit request to have a second trial in state court over the amount of damages less economical, rather than more so. The Plaintiffs' Complaint seeks to determine Farm Credit's claim of non-dischargeability, and this Court sees no reason why it should not proceed to determine the amount of the underlying debt in the same pending action.

### 3. Reconsideration of the Dismissal with Prejudice of Claims for Substantive Consolidation as Against Kretchmar Farms.

As stated above, the Parents' Motion to Dismiss the Plaintiffs' claim for substantive consolidation was predicated on the argument that the only means to achieve such consolidation of a non-debtor was through the filing of an involuntary bankruptcy petition

9


in accordance with § 303.  The Court denied the Parents' Motion to Dismiss on that ground that relief in the form of substantive consolidation was only permissible through the process of an involuntary bankruptcy; however, it granted dismissal insofar as the Plaintiffs had attempted to state a claim based on the elements of common law or equitable grounds for substantive consolidation even though the Motion to Dismiss was not predicated on that basis.  As pointed out in its Order, the Court was not *sua sponte* raising a motion to dismiss (the motion had been brought by the Parents); rather, it was appropriate for the Court to identify a complaint's inadequacies on its own initiative and dismiss the complaint based on applicable legal standards.  See *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir.1994); *Oatess v. Sobolevitch,* 914 F.2d 428, 430 n. 5 (3rd Cir. 1990).  Plaintiffs are correct in stating that the reason for the Court's dismissal of the substantive consolidation with prejudice against the Parents was because the Court found as a matter of law that individual debtors cannot be substantively consolidated with individual non-debtors. [See, Doc. 52, pg. 15].  For the reasons stated in its Opinion and Order, the Court reaffirms that holding.  However, Plaintiffs also separately challenge the Court's dismissal of the claims of substantive consolidation as against Kretchmar Farms.

Though inferred by the Plaintiffs in their Motion to Reconsider, the Court*'s* dismissal with prejudice of any claim against Kretchmar Farms  was not by oversight.  It did so in large measure because the Court accepted at face value the Parents' assertion in their Motion to Dismiss that "Kretchmar Farms is not a legal entity, but is a name under which the Parents occasionally have done business [and] [b]ecause Kretchmar Farms is not a

legal entity, no response to the Complaint by Kretchmar Farms is required."[4] [Doc. 21, pg. 2 n. 1]. If Kretchmar Farms was not a separate entity but was (is) merely a trade style or "d/b/a" of the Parents or the Debtor there would be no need for the Court to have considered the substantive consolidation claims against it separate and apart from the Parents. In Oklahoma, as in most if not all states, a trade name is not a separate legal entity. See *Thomas v. Colvin*, 1979 OK CIV APP 2, 592 P.2d 982, 983; *Lewis v. Am. General Assurance Co.,* 2001 WL 36160929 (W.D. Ok. 2001); Naming a defendant under his trade name is the same as naming him individually. *Id*; *National Surety Co. v. Oklahoma Presbyterian College for Girls*, 1913 Okla. 429, 132 P. 652.

On the other hand, the Plaintiffs have alleged in their Complaint that "Kretchmar Farms is an unincorporated business association or entity through which Debtor and Danny Kretchmar, and upon information and belief Debbie Kretchmar (collectively or individually as context requires, 'Kretchmar Partners') transact business as general partners and/or joint venturers, sometimes using 'Kretchmar Farms' and/or 'Kretchmar Seeds' as a trade name...." [Doc. 1, ¶ 6]. They further allege that "Danny Kretchmar is an individual and the Debtor's father... and is a general partner and/or joint venture with

---

[4] The Parents expand upon the argument that Kretchmar Farms is not a separate legal entity but "simply a sole proprietorship of Danny Kretchmar" in a lengthy footnote in their Response to the Plaintiffs' Motion to Reconsider by alleging detailed facts concerning how the Debtor and the Parents did business. [Doc 57, pg. 5 n. 4]. Plaintiffs responded by stating: "... Parents detail the history of a defunct sole proprietorship and a limited liability company that is no longer in good standing, both of which were known as Kretchmar Farms to try to neutralize the Complaint's allegation that Debtor formed a partnership with his Parents that did business as Kretchmar Farms and whose activities include diversion of Farm Credit's collateral." [Doc. 58 pg.1 n.1]. The "facts" asserted by the Parents as to the form of Kretchmar Farms are outside the record in this case, not admissible evidence and, most importantly for motion to dismiss purposes, contradicted by allegations on the face of the Complaint which the court is required to accept as true.

11

Debtor, and upon information and belief with Debbie Kretchmar, doing business as an unincorporated business association or entity, sometimes under the name of Kretchmar Farms." [Doc. 1, ¶ 4].

From the pleadings there appears to be, at least to the Court, an issue as to the exact legal status of "Kretchmar Farms". Is it a trade name or sole proprietorship of the Debtor, of the Parents (or either of them) or a partnership of the Debtor and the Parents, or at various times variation of all three? If it was a partnership, was it dealing with Farm Credit in that capacity? Unlike the legal issue decided by the Court as to whether an individual debtor could be substantively consolidated with another non-debtor individual, the issue of whether a claim for substantive consolidation of an individual debtor and a separate but related business entity cannot be decided on a motion to dismiss, at least based solely on the face of the Complaint before the Court.

In making the determination that the claims against Kretchmar Farms should not have been dismissed with prejudice, the Court is also mindful that the Plaintiffs believe they were not given proper notice that the Court was considering the dismissal of the substantive consolidation claim against Kretchmar Farms when the Parents' Motion to Dismiss did not clearly state it was seeking that relief.[5] If the Parents do not believe that Kretchmar Farms is an entity separate and apart from them or that the Complaint otherwise fails to state a claim for substantive consolidation against Kretchmar Farms, in retrospect it should have plead so in a fashion sufficient to give adequate notice to the

---

[5] The Parents' Motion to Dismiss, however, in a footnote did state "to the extent that a response by Kretchmar Farms is required, Kretchmar Farms adopts the assertion of the Parents." [Doc. 21, pg.2 n.1]. The "conclusion" of the Motion to Dismiss only sought relief on behalf of the Parents.

Plaintiffs that they were seeking dismissal on that ground. The Court should not have, at this motion to dismiss stage, dismissed the substantive consolidation claim (Claim 9) as against Kretchmar Farms with prejudice.

For the above reasons, the Court finds, and accordingly,

**IT IS ORDERED** that the Plaintiffs' Motion to Reconsider [Doc. 52] is hereby **Granted** insofar as it seeks to reinstate Plaintiff Farm Credit's Claim for Relief 1 (the liquidation of the claim of Farm Credit against the Debtor), and the Court's *Opinion and Order on Motion to Dismiss* entered on February 5, 2018 [Doc. 43] dismissing Claim 1 is hereby vacated and modified accordingly;

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion to Reconsider [Doc. 52] is hereby **Granted** insofar as it seeks to reinstate Plaintiffs' Claim for Relief 9 for the substantive consolidation of the Debtor and Kretchmar Farms, and the Court's dismissal with prejudice of the claim of substantive consolidation pursuant to the Court's *Opinion and Order on Motion to Dismiss* entered on February 5, 2018 (Doc. 43] as against named defendant Kretchmar Farms, only, is hereby vacated.

Except as specifically provided above, in all other respects the *Opinion and Order on Motion to Dismiss* [Doc. 43] remains in full force and effect.

# # #