**Dated: July 15, 2019**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 16-14337-JDL |
| Blake Lawrence Kretchmar, | ) | Ch. 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Susan Manchester, Trustee and | ) | |
| Farm Credit of Enid, PCA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. No. 17-01026-JDL |
| | ) | |
| Blake Lawrence Kretchmar | ) | |
| Danny Kretchmar, | ) | |
| Debbie Kretchmar, | ) | |
| and Kretchmar Farms, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO SEVER CLAIMS**

**I. Introduction**

This adversary proceeding is before the court on the *Motion to Sever Claims* (the "Motion") filed by the Defendants Danny and Debbie Kretchmar, the parents of the Debtor

(the "Parents") [Doc. 77] and the Plaintiffs' *Response* [Doc. 89]. The Parents argue that the three (3) claims for relief which Plaintiffs' Farm Credit of Enid, PCA ("Farm Credit") and the Trustee have asserted against them should be severed from the eight (8) claims for relief, including six (6) objecting to the Debtor's discharge or the dischargeability of his debt to Farm Credit. The Parents bring their Motion to Sever pursuant to Rules 21 and 42(b) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Fed.R.Bankr.P. 7021 and 7042.[1] Having considered the Motion and the briefs in support of the parties respective positions, for the reasons that follow, the *Motion to Sever* will be denied.

## II. Background

This adversary proceeding was originally brought by the Chapter 7 Trustee and the Debtor's largest creditor, Farm Credit, asserting some thirteen claims for relief against the Debtor and the Debtor's Parents, including seeking substantive consolidation of the Parents and the Debtor. After the Court partially granted the Parents' Motion to Dismiss, including dismissal of the claims for substantive consolidation of them individually with the Debtor, there remain three claims for relief directly affecting the Parents: (1) Claim No. 9 filed by both Farm Credit and the Trustee seeking substantive consolidation of the alleged partnership of Kretchmar Farms and the Debtor; (2) Claim No. 11 against the Parents by the Trustee seeking to avoid fraudulent transfers from the Debtor to Kretchmar Farms; and (3) Claim No. 15 filed by the Trustee asserting that Kretchmar Farms is a general

---

[1] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure or to the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings, unless otherwise indicated.

partnership of which the Debtor is a partner.

There also remain eight (8) claims against the Debtor, including: (1) Claim No.1 of Farm Credit seeking to liquidate the amount of its debt; (2) Claim No. 2 seeking denial of the Debtor's discharge under § 727(a)(2)(B)[2] for alleged concealment of property of the estate; (3) Claim No. 3 seeking denial of the Debtor's discharge under § 727(a)(3) for alleged failing to maintain records; (4) Claim No. 4 seeking denial of the Debtor's discharge under § 727(a)(4) for making a false oath; (5) Claim No. 5 seeking denial of the Debtor's discharge under § 727(a)(5) for failure to explain loss of assets; (6) Claim No. 6 seeking to bar the Debtor's discharge of the debt owed Farm Credit under § 523(a)(2)(B) for alleged false representation or fraud; (7) Claim No. 7 seeking to bar the Debtor's discharge of the debt owed Farm Credit under § 523(a)(2)(B) for alleged false financial statements; and (8) Claim No. 8 by the Trustee against the Debtor seeking turnover of property under § 542. The Parents request the Court to sever the claims against them from the objections to discharge claims and/or to order separate trials for such claims.

### III. Discussion

F.R.Civ.P. Rule 21 entitled "Misjoinder and NonJoinder of Parties" states:

> Misjoinder of parties is not a ground for dismissing an action. On motion or its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

If a claim is severed, it "proceeds as a discrete, independent suit." 4 *Moore's Federal Practice,* § 21.06 (2009); See *United States of America, ex rel., LaCorte v. SmithKline*

---

[2] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

3

*Beecham Clinical Laboratories, Inc.*, 149 F.3d 227, 231 (3rd Cir. 1998); *Official Committee of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 354 (E.D. Pa. 2000) (The difference between severance under Rule 21 and separate trials under Rule 42 is that only the former results in two different civil actions.)[3].  By contrast, if an issue is separated under Rule 42(b), it will be tried separately but remain part of the same lawsuit.  *United States v. O'Neil*, 709 F.2d 361, 367 (5th Cir. 1983) (identifying distinction between Rule 21 and Rule 42(b)).

>Similarly, Fed.R.Civ.P. Rule 42(b) provides:
>
>>Separate Trials.  For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims or third-party claims.  When ordering a separate trial, the court must preserve any federal right to a jury trial.

The decision to order separate trials is a matter within the sound discretion of the trial judge and "is dependent on the facts and circumstances of each case." *Eastridge Development Co. v. Halpert Associates, Inc.,* 853 F.2d 772, 781 (10th Cir. 1988); *Easton v. City of Boulder, Colorado,* 776 F.2d 1441, 1447 (10th Cir. 1985).

Bifurcation under Rule 42(b) should not be ordered routinely unless it is clearly necessary.  *Marshall v. Overhead Door Co.*, 131 F.R.D. 94, 98 (E.D. Pa. 1990); *Frietze v. Allstate Ins. Co.*, 2013 WL 12333993 (D. N.M. 2013); *Monaghan v. SZS 33 Associates, LP*,

---

[3]The distinction between bifurcation of one or more separate issues or claims for a separate trial under Rule 42(b) and severance of claims under Rule 21 is important for, among other reasons, a party's ability to appeal. An order entered in a separate trial of a bifurcated claim is only appealable as of right upon a final judgment in the proceeding or following the court's "express determination that there is no just reason for delay." Rule 54(b).  Conversely, a final order on a severed claim under Rule 21 is immediately appealable. 10 *Collier on Bankruptcy*, ¶ 7042.03 (16th 2019).

4

827 F.Supp. 233, 245 (S.D. N.Y. 1993) ("[D]espite the usefulness of bifurcation, separate trials remain the exception rather than the rule, regardless of the nature of the action.").

Generally, the party seeking bifurcation bears the burden of proving that bifurcation is proper in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience." *Green v. City of Norman,* 2005 WL 8157593 at *1 (W.D. Okla. 2005); *Belisle v. BNSF Railway Co.*, 697 F.Supp.2d 1233, 1250 (D. Kan. 2010). "The party requesting separate trials bears the burden of convincing the court that such an exercise of its discretion will (1) promote greater convenience to the parties, witnesses and the court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party." *Sioux Chief Mfg. Co., Inc. v. IPS Corporation*, 2006 WL 8440733 (D. Kan. 2006) (quoting *F&G Scrolling Mouse, L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 387 (M.D. N.C. 1999). Bifurcation under Rule 42(b) is inappropriate where the evidence to be presented against the parties is inextricably linked. *FDIC v. Refco Group, Ltd.*, 184 F.R.D. 623, 629 (D. Colo. 1999).

While the factors of convenience, economy and prejudice are stated in Rule 42(b), a court may also consider the following factors in deciding a Rule 42(b) motion:

> (1) are the issues sought to be separately tried significantly different from one another? (2) are the issues triable by jury or the court? (3) does the posture of discovery as to the respective issue suggest that they should or should not be tried together? (4) will the separate issues require the testimony of different witnesses and documentary proof? and (5) will the party opposing the severance be prejudiced if it is granted?

*Reading Industries, Inc. v. Kennecott Copper Corp.*, 61 F.R.D. 662, 664 (S.D. N.Y. 1974) (the "*Kennecott Copper* Factors").

The court may determine that bifurcation is appropriate "[w]hen evidentiary proof necessary to establish two or more distinct claims is different for each claim." *Ismail v. Cohen,* 706 F.Supp. 243, 251 (S.D. N.Y. 1989), *rev'd in part on other grounds*, 899 F.2d 183 (2nd Cir. 1990). Conversely, bifurcation may be inappropriate "where the issues, witnesses and documentary evidence essential to both claims overlap or whether the party opposing bifurcation will be prejudiced thereby." *Santiago v. City of New York,* 1992 WL 116605 at *2 (S.D. N.Y. 1992).

The Parents' primary argument is that the legal and factual issues surrounding the objections to discharge (or dischargeability) claims against the Debtor are completely separate and distinct from the claims against them based upon whether (1) Kretchmar Farms was a partnership comprised of the Debtor and/or (2) whether Kretchmar Farms should be substantively consolidated with the Debtor's estate. In short, the Parents claim that they "should not be forced to participate as parties in claims not directed against them and in which they have no stake."

The Plaintiffs respond that their claims against the Debtor, including the non-dischargeability claims, "arise out of a common set of operative facts" along with the claims asserted only against the Parents. Specifically, the Plaintiffs point out: (1) Farm Credit's claim to liquidate the amount of the Debtor's debt would also be the amount of damages for which Kretchmar Farms or the Parents would likewise be liable; (2) the § 727(a)(2) and (3) objections to discharge relate to the concealment of property of the estate and the failure to maintain records are matters alleged by the Plaintiffs in which the Parents and Kretchmar Farms were complicit and (3) likewise, the substantive consolidation claim

against Kretchmar Farms involve the issues of transfers of property between the Debtor and Kretchmar Farms and the maintenance of separate books and records of those entities.

The Court does have some fairness concerns for the Parents immersed in litigation they see as not involving them as well as concerns about issues involving judicial economy and prompt administration of the case. The problem the Court has at this stage of the case is that little or no discovery has been conducted by which it can be more definitively determined as to the evidentiary degree of interrelationship between the Plaintiffs' claims against the Debtor, on the one hand, and the Parents and Kretchmar Farms, on the other hand. Indeed, there previously have been and are now the Parents motions to stay discovery. It may well, and probably should, be that as discovery and pre-trial matters progress it will be appropriate for the Court to revisit the issue of severing claims for trial, but such a determination at this point would be premature. Severance of the claims at this juncture with consequent separate discovery would be an invitation to discovery disputes and would be the antithesis of the goal of efficient judicial administration. Accordingly,

**IT IS ORDERED** that *Motion to Sever Claims* filed by Defendants Danny and Debbie Kretchmar [Doc. 77] is hereby **Denied** without prejudice.

# # #